

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

**NOS. WR-83,592-01 & WR-83,592-03**

**EX PARTE MICHAEL MARVIN RUSSIE, Applicant**

**ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
CAUSE NOS. CR39309-A & CR39309-C IN THE 441ST DISTRICT COURT
FROM MIDLAND COUNTY**

*Per curiam*.

**O R D E R**

Applicant was convicted of retaliation as an habitual offender and sentenced to thirty-five years' imprisonment. The Eleventh Court of Appeals affirmed his conviction. *Russie v. State*, No. 11-12-00162-CR (Tex. App.—Eastland June 12, 2014)(not designated for publication). Applicant filed these applications for writs of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

On July 29, 2015, this Court denied application number WR-83,592-01 based on the findings of the trial court without a hearing. On March 21, 2018, this Court dismissed a second application as subsequent. On January 21, 2022, this Court received a third application in the same trial court cause number alleging that there was prosecutorial and judicial misconduct in the review of his

initial and subsequent habeas applications in Midland County.  It has been determined that former assistant district attorney Ralph Petty was paid by the district judges to work on both Applicant's -01 and -02 applications at the same time he was employed as an appellate prosecutor by the Midland County District Attorney's office.  That dual employment was not disclosed to this Court or Applicant at the time his -01 and -02 applications were under consideration.

While it does not appear that Petty's dual employment affected the pre-trial, trial, or appellate proceedings in Applicant's case, the undisclosed employment relationship between the District Judge who presided over both habeas proceedings in this case and the prosecutor who simultaneously represented the State in the same proceeding leads us to conclude that Applicant was deprived of his due process rights to fair consideration of his claims in the first habeas application. Therefore, this Court now reconsiders on its own motion the denial without written order on the findings of the trial court of application number WR-83,592-01.

However, after an independent review of the records in these cases without consideration of the trial court's findings of fact and conclusions of law, this Court believes that Applicant's claims are refuted by those records.  Therefore, after reconsideration on the Court's own motion, relief is again denied in cause number WR-83,592-01.

Applicant's third application, cause number WR-83,592-03 is dismissed as moot.

Filed:  February 9, 2022

Do not publish